BUNKERS, Appellant, v. GUERNSEY, Respondent.

(170 N. W. 632).

.(File No. 4388.   Opinion filed February 11, 1919.   Rehearing denied March 29, 1919.)

**Damages—Money Paid By Mutual Mistake, Interest On, Whether Recoverable—Date of Demand Unproven, Rule Re.**

A purchaser of realty, who through mutual mistake ·between himself and vendor, paid the latter for many acres of land more than were contained in the farm purchased, is not entitled, in a suit to recover back purchase money, to interest on the surplus so paid, since, as vendor did not know he had been overpaid until he was apprised of such fact, he owed no duty to plaintiff to return same; and when money has been paid under such circumstances, and no fraud is imputed to party receiving same, he should not be held liable for interest until after the mistake is discovered and demand made.   Moreover, the evidence failing ·to show date on which demand·was made, there is no date prior to commencement of suit, from which interest should be charged; and trial court rightly allowed interest from date of suit.

Appeal from Circuit ·Court, Minnehaha County. · HON. LOUIS L. FLEEGER, Judge.

Action by Henry Bunkers, against O. E. Guernsey, to recover back surplus purchase money paid for realty.   From a judgment for plaintiff, and from an order denying a new trial, plaintiff appeals.   Affirmed.

For former opinion in this case, see 35 S. D. 574, 38 S. D. 174.

*Krause & Krause,* for Appellant.

*Henry Robertson,* and *Aikens & Judge,* for Respondent.

Appellant cited:

C. C. Secs. 2294, 2289; Wolfinger v. Thomas, 22 S. D. 57; 115 N. W. 100; James River Nat. Bk. v. Weber (N. D.) N. W. 952; Goodnow v. Litchfield, (Ia.) 19 N. W. 226.

Respondent cited:

15 R. C. L., p. 29, and cases cited in notes 10, 11.

POLLEY, J. This action has been before the court on two former occasions. Bunkers v. Guernsey, 35 S. D. 574, 153 N. W. 378; 38 S. D. 174, 160 N. W. 732.

After the reversal of the former judgment plaintiff amended his complaint and rested his case upon an allegation that because of a mutual mistake plaintiff, in purchasing the farm in question, paid defendant for 206 acres of land, while, as a matter of fact, the farm contained only 177.78 acres, the result being that plaintiff paid to defendant $846.60 more than the value of the farm at $30 per acre; that being the price fixed thereon by the defendant. Plaintiff also alleged that he did not discover the shortage in the quantity of land contained in the farm until just prior to the commencement of the action; that upon the making of such discovery he made demand upon defendant for a return of the amount of money in excess of the amount to which defendant was entitled. The demand was refused, and plaintiff immediately commenced this action, demanding judgment for $846.60, together with interest thereon at 7 per cent. per annum since the 25th day of April, 1901. The trial court made findings of fact that in effect confirmed the allegations of the complaint. Plaintiff then requested a conclusion of law to the effect that he was entitled to interest prior to the commencement of the action. The court rejected this request, and made a conclusion that plaintiff was entitled to judgment for $846.60 with interest thereon since the 24th day of April, 1913, the day on which the action was commenced. Judgment was entered accordingly, and plaintiff appeals.

The only error assigned by appellant is the refusal of the trial court to allow him interest on the amount of money paid by

mistake from the 25th day of April, 1901, to the 24th day of April, 1913. Such refusal does not constitute error. From the fact that the money was received by mistake, it necessarily follows that defendant did not know that he had been overpaid, or that he had money in his possession that belonged to the plaintiff; and until he was apprised of such fact he owed no duty to plaintiff to return the same. Had he acquired the money wrongfully in the first instance, the case would have been different; then his detention thereof would also have been wrongful, and he would be liabe for interest so long as such unlawful detention continued, and this too whether demand were made or not. But when money has been paid and received by mutual mistake of fact and no fraud is imputed to the party receiving the same, he should not be liable for interest so long as such unlawful detention continued, and demand is made. 15 R. C. L. 29, and cases cited. It may seem like a hardship to plaintiff to be deprived of the use of his money for so long a period of time without compensation therefor, but that the mistake was made in the first instance was as much his fault as the fault of the defendant, and that the mistake was not discovered for so long a time after it was made was wholly the fault of the plaintiff.

In this case the date on which demand was made is not alleged; therefore there is no date prior to the commencement of the action that can be fixed as the date from which interest should be charged, and the court was right in allowing interest from that time only.

The judgment appealed from is affirmed.