## In Re ENGEBRETSON'S ESTATE

ENGEBRETSON, et al, Respondents, v. GRAFF, et al, Appellants

(12 N. W.2d 761.)

(File No. 8658. Opinion filed January 17, 1944.)

**Danforth & Danforth,** of Sioux Falls, for Appellants.

**James O. Berdahl** and **B. O. Stordahl,** both of Sioux Falls, for Respondents.

RUDOLPH, J.  This case was before the court on a prior appeal.  In re Engebretson's Estate, 68 S. D. 255, 1 N. W.2d 351, 142 A. L. R. 1454.  Following the decision of this court in the former appeal the controversy was tried on its merits before the circuit court.  The circuit court awarded the petitioners an attorney fee of $1,000 from which award this appeal has been taken.

It was held on the prior appeal that an allowance may be made out of an estate of a deceased person for services of attorneys for beneficiaries where those services are distinctly beneficial to the estate and became necessary either by reason of laches, negligence or fraud of the legal representative of the estate.  Appellants' present contentions are that the services for which the allowance was made were not beneficial to the estate nor were they necessary by reason of laches, negligence or fraud of the executor.

Appellants first argue that the services of petitioners related only to a dispute among the heirs and that, these

services did not inure to the benefit of the estate. The facts disclose that C. L. Engebretson, one of the heirs of the estate, had purchased from the deceased during his lifetime, certain real property and to secure the purchase price had given a mortgage upon the property to the deceased. Following the death of the mortgagee this mortgage was foreclosed and a deficiency resulted. For a number of years thereafter, the distributive share of C. L. Engebretson in this estate, was withheld by the county court to apply upon this deficiency. C. L. objected from time to time to the withholding of this distributive share and finally in 1936 appealed from an order of the county court withholding his share, to the Circuit Court of Minnehaha County and the matter was heard before Hon. Lucius J. Wall, one of the judges of the Second Judicial Circuit, sitting at Sioux Falls. While this appeal was pending and before a decision by Judge Wall, the administrator of the estate commenced an action against C. L. Engebretson for the purpose of recovering or reducing to judgment this deficiency resulting from the mortgage foreclosure. In this action C. L. Engebretson denied liability and filed a counterclaim wherein he sought to recover his share of the estate which had been withheld by the county court to apply upon this deficiency amounting to $1,913.82. The administrator made no reply to this counterclaim. Counsel representing the administrator and counsel representing C. L. Engebretson agreed to hear this case before Hon. L. L. Fleeger at Parker and the case was there heard. The trial before Judge Fleeger at Parker was informal, such evidence as was submitted was entirely by stipulation which the trial court found was misleading to the trial judge, and it clearly appears from the record that no real contest of the claims of C. L. Engebretson was presented to Judge Fleeger. No reply to the counterclaim had been filed and as a result of this informal proceeding before Judge Fleeger, a judgment was entered dismissing the administrator's claim for the deficiency and sustaining C. L. Enegbretson's claim of $1,913.82 against the estate. All of these proceedings before Judge Fleeger were unknown to

the heirs who had been asserting the validity of the claim for deficiency against C. L. Engebretson. Shortly following the entry of the judgment in favor of C. L. Engebretson, the administrator paid to Mr. Engebretson the amount thereof. The appeal before Judge Wall was dismissed. When the other heirs were advised of the proceedings before Judge Fleeger, they immediately employed petitioners who, through proper proceedings before Judge Fleeger, were successful in having the judgment in favor of C. L. Engebretson set aside and an order entered permitting the intervention of the interested heirs in this litigation. The administrator appealed from this order to this court where the order of Judge Fleeger setting aside the judgment and permitting the intervention was sustained. Graff v. Engebretson, 66 S. D. 45, 278 N. W. 28; Graff v. Engebretson, 66 S. D. 351, 283 N. W. 161. Thereafter the case was tried on its merits and Judge Fleeger dismissed the counterclaim of C. L. Engebretson and entered judgment in favor of the estate against him in the amount of $4,954.50. No appeal was taken from this judgment by the administrator and it is now final. The administrator in his annual report sought to charge the estate with the payment of the judgment to C. L. Engebretson. The payment was disallowed as a charge against the estate by this court. In re Engebretson's Estate, 68 S. D. 572, 5 N. W.2d 57.

■ Appellants contend that all of these proceedings were without benefit to the estate because the judgment which was obtained in favor of the estate was against one of the heirs, and it is conceded that this heir is insolvent and that the only possible recovery under the judgment will be in the nature of an offset against C. L. Engebretson's distributive share of the estate, which amounts to $3,500. However, we think it clear, and it is apparently not contended otherwise, that there was a direct benefit to the estate when the judgment in favor of C. L. Engebretson and against the estate was set aside, and that this benefit was to the extent of the judgment, which amounted to $1,913.82. We also believe that obtaining the judgment against C. L.

Engebretson was beneficial to the estate. Whether this judgment is collected in whole or in part out of funds other than estate funds, or is collected in whole or in part out of estate funds, we do not believe makes any difference. Obviously, if the administrator could go out and collect from C. L. Engebretson the amount of this judgment and bring those funds into the estate, the estate would thereby be benefited. We think the same is true where the administrator collects the judgment, or a portion thereof, from C. L. Engebretson by subjecting his interest in this estate to the judgment. Not only the interests of the heirs other than C. L. Engebretson are increased by this judgment but also the share of C. L. Engebretson is increased and this increase in the share of C. L. Engebretson goes to reduce the judgment which he legally owes. We think the situation is analogous to that in the case of Becht v. Miller, 279 Mich. 629, 273 N. W. 294, which case this court cited with approval in the prior opinion. The facts there disclosed a recovery against one interested in the estate and so also do the facts now before us. So far as these present facts disclose, the estate was relieved of a judgment of almost $2,000 against it and was enhanced to the extent of the value of the judgment against C. L. Engebretson.

Appellants further claim that any benefit to the estate by virtue of the facts cited above was nullified by reason of petitioners participating in certain estate matters and litigation occurring in Minnesota. We have carefully considered the record in this regard and find such contention without merit.

■ On a prior appeal in this estate we allowed attorney fees to the administrator's attorney for legal services in connection with this C. L. Engebretson action. In re Engebretson's Estate, 68 S. D. 572, 5 N. W.2d 57. We made such allowance on the basis that the administrator having paid the judgment, which on its face was a valid judgment against the estate, was entitled to defend it in his capacity as administrator (Graff v. Engebretson, 66 S. D. 45, 278 N. W. 28), and that the attorney fees were incurred in the

administration of his trust. The basis of the trial court's decision in that appeal was that the legal services rendered were of no benefit to the estate, and this court held that the expense for such services having been incurred in the administration of the trust, the question of benefit, or lack of benefit, was not material. The question of negligence or bad faith of the administrator was not made an issue in that appeal, and the trial court made no finding thereon. However, in this appeal, the trial court has found that the stipulation entered into when the litigation was first before Judge Fleeger "was misleading to the court." This finding has support in the evidence and brings the case within that portion of the rule which permits allowance out of estate funds for services of attorneys for beneficiaries where such services are "necessary by reason of laches, negligence or fraud" of the administrator.

This estate has now been before this court on six different occasions. It is apparent from the briefs filed and argument of counsel that much bitterness has been engendered not only among the heirs and the administrator but also among counsel. In view of the intimation that other appeals are forthcoming we cannot refrain from stating that, in our opinion, the time has been reached when personal feelings and animosities should be submerged, and the estate no further dissipated by the expense of litigation.

The judgment appealed from is affirmed.

All the Judges concur, except WARREN, J., not sitting.