108 N.W.2d 50 (1961)
In the Matter of the ESTATE of Frederick R. BAMBERGER, Deceased.
James A. BARBOUR, Jr., Appellant,
v.
David A. BARBOUR and The First Citizens National Bank of Watertown, as Executor of the Estate of Frederick R. Bamberger, Deceased, Respondents.
No. 9833.
Supreme Court of South Dakota.
March 16, 1961.
*51 Austin, Hinderaker & Hackett, Watertown, for appellant.
Loucks, Oviatt & Bradshaw, Watertown, for respondent David A. Barbour.
Arthur R. Henrikson, Watertown, for First Citizens Nat. Bank of Watertown as Exr. of Estate of Frederick R. Bamberger, Decd.
SMITH, Presiding Judge.
The decision of this court in Barbour v. First Citizens National Bank of Watertown, South Dakota, 77 S.D. 106, 86 N.W. 2d 526, wherein we held that the $37,654.62 savings account of Frederick R. Bamberger, Deceased, was not the property of the alleged joint tenant, James A. Barbour, Jr., but was the property of the Estate of Frederick R. Bamberger, Deceased, was followed by such proceedings in the estate in county court, and on appeal in the circuit court as resulted in the allowance of an attorneys fee out of the estate to counsel of David A. Barbour, in the amount of $8,000. That in making the described allowance the trial court abused its discretion is the principal contention presented by the appeal of James A. Barbour, Jr., a legatee under the last will of the deceased.
To point up our problem some facts must be epitomized. The last will of Frederick R. Bamberger provided for an equal division of his estate between his nephews David A. Barbour and James A. Barbour, and nominated The First Citizens National Bank of Watertown as executor. For convenience we refer to that institution as the bank, or executor, and the nephews as David and James. The mentioned savings account on deposit in the bank was described in its records as a joint account of the deceased and James. After letters testamentary had been issued to the bank, it made full disclosure of the facts in reference to the savings account to the county court. Pursuant to a motion of the bank an order of the county court issued requiring, among other things, that all interested persons show cause before it why said savings account should or should not be considered and inventoried as property of the estate. At the hearing the burden of developing all of the pertinent facts was assumed by the officers and counsel of the bank. Counsel for David and James, respectively, cross-examined witnesses and presented briefs and argument on the facts and law. After a period of months the county court entered its decision and judgment determining title to the account to be in James. Thereupon counsel for David made request of counsel for the bank that it appeal from the decision of the county court and, predicated on the theory that the county court lacked jurisdiction to adjudicate title to the account, that it start an action in circuit court to secure an adjudication of the title. The bank refused to comply with these requests and indicated it would abide by the decision of the county court. Thereupon counsel for David appealed to the circuit court from the decision *52 of the county court and instituted an action in circuit court by David A. Barbour v. First Citizens National Bank of Watertown et al. Pursuant to stipulation the appeal from the county court and the action in circuit court were tried together, and judgment was entered in the action decreeing title to the account to be in the estate. James appealed from that judgment to this court, and our affirming decision, mentioned supra and reported in 77 S.D. 106, 86 N.W.2d 526, followed. Throughout all of this litigation, except for its efforts in developing the facts as above described in county court, the bank assumed a neutral position, and therefore the burden of protecting and establishing the title of the estate rested upon and was carried by counsel for David. It was for the resulting benefit to the estate that the county court, and thereafter on appeal, the circuit court made the questioned allowance of the expenses and fees of David's counsel.
That an allowance may be made out of the estate of a deceased for services of attorneys for beneficiaries where those services were beneficial to the estate was settled In re Engebretson's Estate, 68 S.D. 255, 1 N.W.2d 351, 142 A.L.R. 1454. In so holding we expressed agreement with the pronouncement of the Michigan court that
"A doctrine which permits a decedent's estate to be so charged, should, however, in our opinion, be applied with caution and its operation limited to those cases in which the services performed have not only been distinctly beneficial to the estate, but became necessary either by reason of laches, negligence, or fraud of the legal representative of the estate."
Becht v. Miller, 279 Mich. 629, 273 N.W. 294, 298. We adhered to those views in our later decision in Engebretson v. Graff, 69 S.D. 549, 12 N.W.2d 761, 762.
Counsel for James does not question our holding in the Engebretson cases, but urges, because the contest was, in reality, between David and himself, and he, as the defeated party, has suffered detriment and only David has been benefited, the rule declared in those cases should not be applied. It is also asserted that, in conducting itself as a neutral after diligently presenting the facts to the county court, the executor cannot be said to have been guilty of either negligence, laches, or fraud, and hence the Engebretson rule is not invoked.
We elect to first consider the contention that it cannot be said the executor was guilty of negligence. In so doing we view the situation as it had developed when the county court, after hearing on the order to show cause, declared the ownership of the savings account to be in James. Although the executor had been diligent in presenting the facts to the county court, it had failed to assert a claim to the account on behalf of the estate in county court, and when requested by the counsel for David to appeal from that decision and to start an action in the circuit court to determine ownership of the account, it refused to take any character of action in the premises. The interests of the estate were then left without a champion. As we read the record, the decision of the executor to abide by the decision of the county court was predicated upon a belief that its dual relation as executor and depositary dictated an attitude of neutrality. In this we think it erred. Under the law it was obligated to collect the property of the estate into its possession in its capacity as executor. SDC 1960 Supp. 35.1101. It could only justify a failure to vigorously pursue a course essential to the protection of the interests of the estate if sound business or legal judgment dictated inactivity. It could not offer its position as a depositary as justification for inactivity in its capacity as executor.
In limiting the application of the Engebretson rule, as it had been limited by the Michigan court, to instances where the services of counsel for a beneficiary or distributee became necessary by reason of the laches, negligence, or fraud of the legal *53 representative of the executor or administrator, we were but intending to catalogue types of conduct of an executor which would in fact deprive the estate of effective representation. Although we do not question the good faith of the bank, we are of the view that by mistakenly assuming a neutral attitude, because of its depositary relation, it deprived the estate of the vigorous representation contemplated by the law, and thrust the burden of protecting its interests upon counsel for David. This inactivity gave rise to the circumstances which would support an allowance for fees and expenses of counsel for David, if the services thus induced proved to be beneficial to the estate, which brings us to the contention that only David was benefited.
Indubitably, the services of counsel for David brought more than $40,000 in added assets into the possession of the bank in its capacity as executor and will materially increase the distributive share that both James and David will receive in their capacities as legatees of the deceased. This was such a "benefit to the estate" as was contemplated by our holding in the Engebretson cases. And cf. In re Smith's Estate, 167 Misc. 95, 3 N.Y.S.2d 503, for a cogent explanation of the meaning of the phrase "benefit to the estate".
The argument that the Engebretson rule should not apply in the circumstances at bar is founded upon the assumption that the contest for the savings account was, in reality, between David and James, the only legatees of the deceased. Such was not the case. In fact the contest arose between the estate and James by reason of his claim to the account as the alleged surviving joint tenant. That claim of James necessitated services of legal counsel to represent the interests of the estate. The allowance of fees is predicated upon the fact that those necessary services were actually rendered by David's counsel. Had those services been performed by counsel of the executor, James would certainly be in no position to question an allowance to the executor for the reasonable amount paid to counsel as compensation. We are unable to perceive any reason for holding that James gains a strengthened position to question an allowance for the same character of service rendered to the estate by David's counsel in the absence of effective representation by counsel for the executor. The case is not soundly distinguishable on its facts from Engebretson, In re Lounsberry's Estate, 226 App.Div. 291, 234 N.Y.S. 680; Bean v. Bean, 74 N.H. 404, 68 A. 409; and Becht v. Miller, 279 Mich. 629, 273 N.W. 294. We hold that the trial court did not abuse its discretion in making an allowance for the services in question.
There remains a contention as to the amount of the allowance. That the services of counsel for David rendered in county court, circuit court and in this court were reasonably worth $8,000 is not questioned. The contention is that the services in county court were as the representative of David and were not beneficial to the estate, and there is no testimony in the record valuing the services which were in fact beneficial to the estate because the testimony valued the services of David's counsel as a whole from the issuance of the order to show cause in county court. We think there is some degree of merit in this position. As we read the record, counsel for the executor failed in no respect to effectively represent the estate until after the evidence was closed in county court. Pursuant to stipulation the causes were submitted in circuit court upon that record. It was after the record was made up that counsel for the estate ceased to provide it with effective representation and thrust the burden on counsel for David. It is for the services subsequently rendered that there was warrant for an allowance as an expense of the estate.
The judgment is reversed.
All the Judges concur.