JENSEN, Circuit Judge
(concurring in part and dissenting in part).
[¶ 35.] I dissent on the issue of damages in part 5 of the opinion. The trial court properly found that Weekley failed to prove up the amount of her damage.
[¶ 36.] The trial court denied Weekley’s damage claim against Wagner finding that the amount of damage could not be calculated with reasonable certainty.[5] This was a factual determination for the trial court. Lord v. Hy-Vee Food Stores, 2006 SD 70, ¶ 31, 720 N.W.2d 443, 454; Roth v. Farner-Bocken Co., 2003 SD 80, ¶ 26, 667 N.W.2d 651, 662. The trial court’s resolution of these facts must be reviewed under the clearly erroneous standard of review. Osman v. Karlen and Assocs., 2008 SD 16, ¶ 15, 746 N.W.2d 437, 442-43 (quoting Fin-Ag, Inc. v. Feldman Bros., 2007 SD 105, ¶ 19, 740 N.W.2d 857, 862-63).
[¶ 37.] A unanimous Court in Osman recently expounded on the limitations of the clearly erroneous standard of review:
In applying the clearly erroneous standard, our function is not to decide factual issues de novo. The question is not whether this Court would have made the same findings that the trial court did, but whether on the entire evidence we are left with a definite and firm conviction that a mistake has been committed. This Court is not free to disturb the lower court’s findings unless it is satisfied that they are contrary to a clear preponderance of the evidence. Doubts about whether the evidence supports the court’s findings of fact are to be resolved in favor of the successful party’s “version of the evidence and of all inferences fairly deducible therefrom which are favorable to the court’s action.”
Id. (emphasis added).
[¶ 38.] The Court’s words in Osman leave little wonder why the majority relegates the standard of review to a footnote early in the opinion. The majority fails to resolve doubt. in favor of Wagner, and instead substitutes its judgment for the judgment of the trial court.
[¶ 39.] The majority opinion is interspersed with phrases such as “sufficient evidence has been presented for the court to determine the extent of Weekley’s damages ... ”; “[i]t is reasonable for the finder of fact to consider ... ”; and “doubt in calculating damages should be weighed against Wagner ... ”. These phrases suggest the majority has stepped into the shoes of the fact finder to reconsider anew the question of damages. Not only does the opinion fail to identify any “evidence” that the trial court ignored, the majority fails to articulate how the trial court could reasonably calculate damages causally re *833 lated to the breach.[6]
[¶ 40.] South Dakota law is clear. In a tort action, the plaintiff has the burden to prove damage causally related to the breach and the amount of damage to a reasonable degree of certainty. See Lord, 2006 SD 70, ¶ 31, 720 N.W.2d at 454; Wang v. Bekken, 310 N.W.2d 166, 167 (S.D.1981); Schmidt v. Wildcat Cave, Inc., 261 N.W.2d 114 (S.D.1977). “The reasonable certainty standard requires there to be proof of a rational basis for measuring loss, without allowing a [fact finder] to speculate.” Lord, 2006 SD 70, ¶ 31, 720 N.W.2d at 454 (citing McKie v. Huntley, 2000 SD 160, ¶ 18, 620 N.W.2d 599, 603 (quoting Kressly v. Theberge, 79 S.D. 386, 112 N.W.2d 232, 233 (1961))).
[¶ 41.] The trial court found that Wagner breached his fiduciary duty to Weekley by fading to timely inventory, collect and sell the construction equipment for the estate after ownership of the equipment was resolved in 2002 by In re Estate of Brownlee, 2002 SD 142, 654 N.W.2d 206 (Brownlee I). The majority affirms this finding. The types of damages expected to causally flow from this breach might include loss in value or depreciation of the equipment and/or lost income to the estate during the time Wagner failed to take possession of the equipment for the estate. The problem is that the record is devoid of evidence from which the trial court could reasonably calculate the amount of such loss, if any. Evidence was presented as to the net sale proceeds of the equipment in 2006. However, Weekley failed to submit any estimate of value, or testimony as to the amount the equipment would have been expected to sell for at, or near, the time of the breach in 2002. Weekley also failed to submit any evidence as to the reasonable rental value of the equipment from 2002 until 2006, or the rate at which the equipment was depreciating from 2002 to 2006.[7]
[¶ 42.] This is not a special or unusual case. It is a case where the plaintiff simply failed to present evidence for the fact finder to reasonably calculate damages. An equipment appraiser, an auctioneer, or some other person with specialized knowledge of the value of this equipment could have easily provided the necessary evidence in a few minutes of testimony. This should have been a small hurdle for Week-ley in proving up her case.
[¶ 43.] When Weekley’s lack of proof was raised at the conclusion of her case, *834 she argued she did not need to prove the amount of her damages.[8] Even on appeal she does not attempt to show how the trial court’s findings are clearly erroneous.
[¶ 44.] The majority appears to recognize Weekley’s failure to prove damages with reasonable certainty, but excuses her failure by suggesting that such proof was not necessary in this case. The majority opinion states that once “a plaintiff has established the fact that she has been damaged, uncertainty over the amount of her damages is not fatal to recovery.” I would submit that uncertainty over the amount of damage is “fatal” to recovery where the fact finder has made that finding, and the finding is supported by the evidence.
[¶ 45.] The majority’s assertion also misinterprets prior South Dakota case law. One of the cases cited by the majority is McKie, 2000 SD 160, 620 N.W.2d 599. In McKie the Court stated, “[o]nce the existence of damage has been shown by a preponderance of the evidence, a claimant must produce only the best evidence available to allow a [fact finder] a reasonable basis for calculating the loss.” McKie, 2000 SD 160, ¶ 20, 620 N.W.2d at 604 (emphasis added). A basic estimate of value and calculation of losses caused by Wagner’s breach was certainly available to Weekley. There is no reason Weekley could not have done what the law requires every plaintiff to do to prove her damages, present some reasonable basis to allow the trial court to calculate her damages. The trial court was not clearly erroneous in finding that Weekley’s failure to present such basic proof left the calculation of damages to speculation.
[¶ 46.] The majority also cites language from McKie and AFSCME-Local 1025 v. Sioux Falls School District, 2000 SD 20, ¶ 14, 605 N.W.2d 811, 815, stating that doubts in calculating damages should be resolved against the wrongdoer where his actions have made the calculation of damages more difficult. Although there is no showing that the trial court failed to resolve doubt against Wagner, the rule is inapplicable in any event. The majority faults Wagner for Weekley’s lack of proof, but fails to state how Wagner’s breach made it more difficult for Weekley to present a relevant estimated value of the equipment. Wagner did not have a fiduciary obligation to appraise the equipment as of the time of his breach to prove Weekley’s case for her. Moreover, Week-ley makes no claim that she was prevented from or unable to obtain a relevant estimate of the equipment’s value because of Wagner’s breach. The uncertainty in calculating the amount of Weekley’s damages was due to Weekley’s own failure to present readily available evidence of damages.
[¶ 47.] The majority suggests that the Court’s decision in Wagner v. Brownlee, 2006 SD 38, 713 N.W.2d 592 (.Brownlee II) may also excuse Weekley’s obligation to *835 prove up the amount of her damage against Wagner. In Brownlee II the Court determined that prejudgment interest should be assessed on the devise owed to Weekley by the estate because of the unexplained delay in selling the equipment. However, Brownlee II only involved the question of the estate’s obligations to Weekley. The questions of Wagner’s breach of fiduciary duty and damages proximately caused by the breach were never presented or addressed in Brownlee II. The notion that Brownlee II somehow relieved Weekley of her responsibility to offer basic proof of damages against Wagner is flawed.
[¶ 48.] Finally, affirmance of the trial court is dictated by Schmidt v. Forell, 306 N.W.2d 876 (S.D.1981). In Schmidt, following a bench trial, the trial court found the defendant was liable in an automobile accident and awarded certain past damages to the plaintiff, but rejected damages to the plaintiff for loss of future earning capacity finding that “ ‘[although there was evidence relating to loss of earning capacity, the proof was insufficient to establish those damages with reasonable certainty.’ ” Id. at 877. On appeal, the Schmidt Court affirmed under the clearly erroneous standard of review. Although there was evidence in the record that the plaintiff had sustained damages for future loss of earning capacity, the Schmidt Court properly recognized that the determination of the amount of those damages, if any, was a question for the finder of fact, not this Court.
[¶ 49.] The majority remands this case for the trial court to determine damages with a record that will require the trial court to speculate in order to calculate damages proximately caused by the breach. Ironically, the majority directs the trial court on remand to “determine with reasonable certainty Weekley’s damages consistent with this opinion.” (Emphasis added). The trial court’s task on remand is not enviable as “reasonable certainty” is not found in this record.
[¶ 50.] GILBERTSON, Chief Justice, joins this concurrence in part and dissent in part.

. The trial specifically found:
Weekley provided no other evidence other than the calculations based on the 1998 valuation and the subsequent net sale price [in 2006]. She does not take into consideration the diminishing value from 1997 through 2002.... Therefore, this [C]ourt has nothing upon which it can reasonably calculate damages. Thus, the Court finds that Weekley has failed to prove the amount of damages with reasonable certainty.

. The majority opinion ignores required causation for damages by suggesting that the trial court on remand could hold Wagner responsible for the entirety of Weekley's devise, regardless of whether Wagner's breach caused such loss. The majority states, "[k]nowing what the estate would have realized in increased value absent Wagner's breach, however, cannot necessarily establish what Week-ley would have received as a beneficiary.” The majority further states, “[i]t is not too speculative to conclude that Wagner should be responsible to Weekley to the extent his inactions caused her to lose her unpaid devise with interest.” Wagner’s inactions for which liability has been found all arise from his handling the equipment. It would go against basic tort law concepts to hold him individually liable for the entire devise owed by the estate to Weekley.

. Wagner filed a separate action on behalf of the estate against Randy Brownlee to recover the reasonable rental value of the construction equipment during the time that Brownlee had it in his possession. There is no assertion by Weekley that Wagner did not properly prosecute this lawsuit, yet it was rejected by a jury. Weekley certainly could have, but failed to present any evidence of lost rental income in this action due to Wagner’s failure to timely repossess the equipment after Brownlee I.

. At the close of Weeldey’s case, Wagner's attorney made a motion to dismiss under SDCL 15 — 6—41(b), arguing that Weekley had failed to prove damages. In response, Week-ley argued: "[W]e believe that it's not our client's duty to have to show what the value of that equipment was at the time that Mr. Wagner took over. That is not our client's responsibility.” Weekley cited to SDCL 29A-3-708 and continues to argue this statute on appeal. Weekley misreads this statute. SDCL 29A-3-708 does not require the personal representative to appraise newly discovered property as of the time it is included in the estate. Rather, it requires a supplemental inventory and appraisal of the property as of the date of death. An inventory and date of death appraisal of the property by Wagner would not have assisted Weekley in her proof of damage.