KRESSLY, Respondent v. THEBERGE, Appellant

(112 N.W.2d 232)

(File No. 9929. Opinion filed December 18, 1961)

**William M. Rensch,** Rapid City, for Defendant and Appellant.

**Whiting, Lynn, Freiberg & Schultz,** and associate **Curtis Ireland,** Rapid City, for Plaintiff and Respondent.

FOSHEIM, Circuit Judge. The parties own contiguous tracts of land in Dark Canyon along Rapid Creek west of Rapid City, Pennington County. The plaintiff Lloyd T. Kressly testified he purchased, improved and holds his property as his retirement home because it is a beautiful canyon with trees, shrubbery and privacy and provides a place for his grandchildren to visit him and fish. The defendant Dr. L. L. Theberge bulldozed a road across part of the plaintiff's land and in so doing removed and injured trees and underbrush, disturbed the soil and landscape, and pushed debris into the creek.

Taking the issues as expressed without exception in the trial court's instructions, Counts v. Kary, 67 S.D. 607, 297 N.W. 442, plaintiff's first cause of action against the defendant seeks damages of $1,500 for wrongful and unlawful entry onto plaintiff's property and for defacing and lessening its value by construction of the road thereon. In his second cause of action plaintiff seeks additional damage of $500 for the destruction and injury to the trees and underbrush, and that such damages be trebled to $1,500 because the defendant's trespass was wrongful and wilful.

The defendant admitted he caused a bulldozer to construct a road on plaintiff's property but claims it was done

with plaintiff's consent, and that it benefited rather than damaged his property. As to the trees and underbrush, defendant denied any injury or destruction thereto, but alleged if any such damage was done it was casual and done under the belief he had plaintiff's consent to do so. The defendant denied any liability to plaintiff.

At the conclusion of all testimony the defendant moved for a directed verdict stating, among other reasons, that the evidence failed to show any damage upon which the jury could base a verdict. His motion was denied. The jury awarded plaintiff a verdict for $2,000. The defendant appeals and assigns as error the denial of such motion, the court's verdict instruction and refusal to grant his motions for judgment n.o.v. and for a new trial. No evidence was received as to the before or after market value of respondent's land nor of any independent value of the damaged trees and underbrush. Other than testimony and photographs showing the extent of the bulldozing and the appearance of the property involved, the record is without further evidence regarding damages.

In Schankin v. Buskirk, 354 Mich. 490, 93 N.W.2d 293, 297, also a case of trespass, the court quotes an early Michigan decision as follows: "The law does not require impossibilities; and can not, therefore, require a higher degree of certainty than the nature of the case admits. And we can see no good reason for requiring any higher degree of certainty in respect to the amount of damages, than in respect to any other branch of the cause. Juries are allowed to act upon probable and inferential, as well as direct and positive proof. And when, from the nature of the case, the amount of the damages can not be estimated with certainty, or only a part of them can be estimated, we can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount; so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit. This should, of course be done with such instructions and advice

from the court as the circumstances of the case may require and as may tend to prevent the allowance of such as may be merely possible, or too remote or fanciful in their character to be safely considered as the result of the injury."

 While the nature of the case may not permit estimating damages with certainty, it is the rule in this state that the matter of measuring damages may not be left to mere speculation on the part of the jury. Facts must exist and be shown by the evidence which afford a basis for measuring the loss of the plaintiff with reasonable certainty. Peters v. Hoisington, 72 S.D. 542, 37 N.W.2d 410.

 Viewing the evidence most favorable to the successful party, no appreciable detriment proximately occasioned by appellant's breach of duty was shown with reasonable certainty. We do not comment on the argument as to the proper measure of damages, which we have given considerable study, as the issues and evidence may be different on a new trial.

Reversed.

ROBERTS, RENTTO, HANSON and BIEGELMEIER, JJ., concur.

FOSHEIM, Circuit Judge, sitting for SMITH, P. J., disqualified.