#23619-aff in pt, rev in pt & rem-SLZ

**2006 SD 38**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

ROBERT J. WAGNER, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF WALTER L. BROWNLEE, SR.,                    Plaintiff and Appellee,

     v.

RANDY BROWNLEE,                                         Defendant,

     and

JEANIE WEEKLEY,                                          Defendant and Appellant.

\* \* \* \*
APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA
\* \* \* \*

HONORABLE RONALD K. ROEHR
Judge

\* \* \* \*

JOHN L. FOLEY of
Foley Law Office                          Attorney for plaintiff
Watertown, South Dakota                   and appellee.

GREGORY J. STOLTENBURG
TODD D. BOYD of
Gunderson, Evenson, Boyd
 Knight & Stoltenburg                     Attorneys for defendant
Clear Lake, South Dakota                  and appellant.

\* \* \* \*

ARGUED ON NOVEMBER 9, 2005

OPINION FILED **04/12/06**

#23619

ZINTER, Justice

[¶1.] An estate beneficiary sued for interest on an unpaid devise. The beneficiary also sought attorney's fees incurred in litigating a number of estate disputes. We reverse the circuit court's denial of interest on the devise and affirm its award of partial attorney's fees.

## Facts and Procedural History

[¶2.] This is the second time this case has been appealed to this Court. *See In re* Estate of Brownlee, 2002 SD 142, 654 NW2d 206. As we indicated in the first appeal, Walter L. Brownlee, Sr., died testate on August 17, 1997. His Last Will and Testament was filed for probate on September 3, 1997. Under the will, certificates of deposit, household goods, and other personal property were bequeathed to Jeanie Weekley, his long time companion. The remainder of his probate estate was bequeathed to his children.

[¶3.] Prior to his death, Brownlee created and funded a trust for the benefit of his children and grandchildren. He had also transferred several items of personal property to some of his heirs. Soon after his death, disagreements arose between Weekley and Brownlee's children. One dispute involved the validity of the inter vivos transfer of construction equipment that was purportedly given to Brownlee's son. A second disagreement involved the estate's and the trust's respective liability for the estate and the inheritance taxes.

[¶4.] As a result of these disputes, Weekley petitioned the circuit court to interpret Brownlee's Last Will and Testament and set aside the purported inter vivos transfer of the construction equipment. Weekley argued that the transfer was

-1-

an ineffective gift, and therefore, the construction equipment should have been part of the residuary estate. Weekley also asked the court to require the trust to pay the estate and the inheritance taxes. Weekley finally requested the circuit court to determine the nature of the bequest of the certificates of deposit. She contended that her bequest was a specific devise, which would have provided her more favorable treatment in an impending abatement.[1]

[¶5.]    The circuit court agreed with Weekley on two issues. It ruled that the inter vivos bill of sale to the son was an ineffective transfer of the construction equipment, and therefore, the equipment was part of the residuary estate. It also ruled that the bequest of the certificates of deposit was a specific devise. The circuit court, however, disagreed with Weekley's contention that the trust should pay all of the estate and inheritance taxes. Instead, the circuit court ordered that the federal estate tax should be paid from the residuary estate and that the state inheritance taxes should be paid by each beneficiary according to the value of the property they received.

[¶6.]    Weekley appealed the circuit court's ruling on the taxes, and Brownlee's son appealed the circuit court's ruling disallowing the transfer of the construction equipment. This Court affirmed the circuit court's disallowance of the transfer of the construction equipment and affirmed the court's apportionment of the state inheritance taxes. However, we modified the circuit court's ruling regarding the federal estate tax. We held that the tax clause of the will was

---

1.    At that time, it appeared there were insufficient funds to pay all expenses, taxes, and devises.

ambiguous, and therefore, the federal estate tax was to be equitably apportioned among all of the beneficiaries under SDCL 29A-3-916. *Brownlee*, 2002 SD 142, ¶¶25, 27, 34, 654 NW2d at 212-14.

[¶7.]    After our decision, the estate initiated this action to recover the construction equipment and to apportion the taxes. Weekley counterclaimed for interest on her unpaid devise of the certificates of deposit.[2] She also sought interest on $25,000 of personal funds that she provided to help administer the estate. She finally sought an award of more than $76,000 in attorney's fees that she incurred in the estate litigation, including the prior appeal. The circuit court heard oral arguments on these issues on February 25, 2004.

[¶8.]    After oral arguments, but before the circuit court issued its opinion, we decided *In re Estate of Holan*, 2004 SD 61, 680 NW2d 331, and *In re Estate of Siebrasse*, 2004 SD 46, 678 NW2d 822 (*Siebrasse III*). Weekley claimed that these cases affected the issues that were under consideration. Therefore, she moved to reopen to present additional evidence on the attorney's fees request and to present additional written arguments on her claim for interest. The circuit court granted Weekley's motion. However, after hearing further arguments, the circuit court refused to accept additional evidence relating to the attorney's fees because the court concluded that our recent decisions did not change the law. The court ultimately awarded Weekley only the attorney's fees for setting aside the transfer of the construction equipment because it benefited the estate. The court also denied

---

2.    By this time the certificates of deposit had been converted to cash and used to pay some of the estate's liabilities and expenses.

Weekley's request for interest on her unpaid devise and on the $25,000 she provided to help administer the estate. Weekley appeals, raising the following issues:

> 1) Whether the circuit court erred in refusing to consider additional evidence after granting Weekley's motion to reopen.
>
> 2) Whether the circuit court erred in not awarding Weekley additional attorney's fees.
>
> 3) Whether the circuit court erred in determining that Weekley was not entitled to interest on her devise and on the $25,000 of personal funds she advanced to administer the estate.

## Analysis and Decision

*1) Refusal to consider additional evidence after granting Weekley's motion to reopen*

[¶9.]    The circuit court has discretion to determine whether to reopen a case to permit additional evidence. *Brownlee*, 2002 SD 142, ¶37, 654 NW2d at 214. The circuit court's decision will not be disturbed "unless there has been an abuse of discretion." *Id.* (citing Hrachovec v. Kaarup, 516 NW2d 309, 311 (SD 1994)).

[¶10.]    Weekley's request to present additional evidence on attorney's fees was based primarily on our intervening decision in *Siebrasse III*, 2004 SD 46, 678 NW2d 822. Weekley argued that *Siebrasse III* changed the law regarding attorney's fees by adopting the two-prong test used in *In re Estate of Hafferman*, 442 NW2d 238 (SD 1989). The circuit court, however, declined to consider new evidence because it concluded that *Siebrasse III* did not establish new law, and therefore, "Weekley was merely presenting evidence [that] could have been presented earlier." Thus, the circuit court denied what it described as Weekley's attempt to get "a second bite of the apple."

[¶11.]     On appeal, Weekley contends that the two-prong test utilized in *Hafferman* was not the law in South Dakota during the first hearing and that the two-prong test was reestablished in *Siebrasse III*. However, a review of our cases and the Uniform Probate Code (UPC) reveals that the *Hafferman* two-prong test was not reestablished in *Siebrasse III*. Therefore, the law did not change between the two hearings.

[¶12.]     The basis for the *Hafferman* two-prong test was this Court's decision in *In re Engebretson's Estate (Engebretson I)*, 68 SD 255, 1 NW2d 351 (1941). *Engebretson I* involved a personal representative's action to recover a deficiency in a land foreclosure. *Id.* at 257, 1 NW2d at 352. Following a ruling adverse to the personal representative, the beneficiaries' attorney successfully challenged the adverse ruling and obtained a favorable recovery for the estate. *Id.* at 258, 1 NW2d at 352. In awarding attorney's fees to the beneficiaries for that recovery, this Court applied the following rule: "It has been held, as a general rule, that an allowance may be made out of the estate of a deceased person for the services of attorneys for beneficiaries where those services were *beneficial to the estate.*" *Id.* at 260, 1 NW2d at 353 (emphasis added). However, the Court, in dicta, also quoted the Michigan Supreme Court, which applied a more limited two-prong test:

> A doctrine which permits a decedent's estate to be so charged, should, however, in our opinion, be applied with caution and its operation limited to those cases in which the services performed have not only been distinctly beneficial to the estate, but became necessary either by reason of laches, negligence, or fraud of the legal representative of the estate.

*Id.* at 261, 1 NW at 353 (quoting Becht v. Miller, 279 Mich 629, 638, 273 NW 294, 298 (1937)). Although this Court did not expressly adopt Michigan's two-prong test

in *Engebretson I,* the test was used and modified in many of our pre-*Siebrasse III* cases that involved beneficiary attorney's fees, including *Hafferman*.[3]

[¶13.]    Despite a lengthy and conflicting history regarding the applicability of the two-prong test, the South Dakota Legislature clarified the matter in 1995 when it adopted the UPC.  The relevant statute governing beneficiary attorney's fees did not contain any reference to a second prong requiring laches, negligence, or fraud. *See* SDCL 29A-3-720.  Rather, for a beneficiary to recover attorney's fees, SDCL 29A-3-720 only required that the beneficiary's services "resulted in a substantial benefit to the estate."

[¶14.]    After the 1995 adoption of SDCL 29A-3-720, our next opportunity to address this issue came in *Siebrasse III*, 2004 SD 46, 678 NW2d 822, which Weekley relied on in her motion to reopen.  In *Siebrasse III*, we did consider one party's argument that under the two-prong test the estate should pay the

---

3.    South Dakota's chronological history of the two-prong test includes:  *In re* Engebretson's Estate (Engebretson III), 69 SD 549, 554, 12 NW2d 761, 763 (1944) (awarding attorney's fees under the second prong of the two-prong test); *In re* Bamberger's Estate, 79 SD 85, 89, 108 NW2d 50, 52-53 (1961) (modifying the second prong by noting that although the second prong limited recovery of attorney's fees to instances where the services of an attorney were necessary due to "laches, negligence, or fraud" of the personal representative, this Court was only "intending to catalogue types of conduct of an executor which would in fact deprive the estate of effective representation"); *Hafferman*, 442 NW2d at 241-42 (denying an award of attorney's fees because there was no laches, negligence, or fraud attributable to the personal representative, but also stating that the second prong would be satisfied in instances where the personal representative merely "failed to adequately defend the interests of the estate"); *In re* Estate of Schuldt (Schuldt II), 457 NW2d 837, 842 (SD 1990) (stating that *Engebretson I* did not rely on the second prong and that *Bamberger* did not impose a requirement of "laches, negligence, or fraud" by the personal representative, "nor does it impose such a requirement today").

beneficiary's attorney's fees. *Id.* ¶26. Therefore, we mentioned the two-prong test but only to address that party's argument. *Id.* Ultimately, we held that the circuit court did not err in denying attorney's fees, relying solely on the finding that there was no benefit to the estate. *Id.* ¶27 ("Because we see no benefit to the Estate if the entire refund had been awarded . . . we see no error in the circuit court's denial of [the] request for attorney fees."). In remanding the case to reconsider another issue that could have resulted in a benefit to the estate, we also directed the trial court to reconsider the issue of attorney's fees under SDCL 29A-3-720, which only imposed the first prong – that the services result in a substantial benefit to the estate. *Id.* ¶29.

[¶15.] Consequently, it is apparent that to the extent our pre-*Siebrasse III* cases arguably imposed a two-prong test, SDCL 29A-3-720 abrogated it. For that reason, we only applied the first prong involving the substantial benefit test in *Siebrasse III*. Thus, *Siebrasse III* did not establish new case law reincorporating the two-prong test. The substantial benefit to the estate test was applicable both before and after the circuit court's hearing on Weekley's request for attorney's fees. Because no new law was established, the circuit court correctly concluded that Weekley was not entitled to a second opportunity to present evidence on this issue.

*2) Additional attorney's fees.*

[¶16.] Weekley submitted a request for attorney's fees in the amount of $76,366.98. Weekley claimed this amount represented the attorney's fees she incurred in her efforts to have the conveyance of the construction equipment set aside and to have the dispute over the estate and inheritance taxes determined.

Her claim also included appellate attorney's fees incurred in the prior appeal to this Court. The circuit court awarded Weekley all of the attorney's fees that related to her successful effort in having the construction equipment returned to the estate because that recovery was beneficial to the estate. However, the circuit court denied the additional attorney's fees relating to the tax apportionment and her appellate attorney's fees incurred in the first appeal.

[¶17.]    Our standard of review regarding the circuit court's decision to award or deny attorney's fees is well settled. Attorney's fees are awarded at the discretion of the circuit court. Rock v. Rock, 89 SD 583, 589, 236 NW2d 191, 194 (1975).

[¶18.]    Weekley argues that the circuit court abused its discretion because her efforts regarding the tax apportionment also benefited the estate. Although her efforts to have the trust pay the taxes were unsuccessful, and although this Court's interpretation did not enhance the value of the probate estate, Weekley contends that the estate was "benefited" because her efforts resulted in a successful "interpretation of Brownlee's testamentary intent." The circuit court, however, noted that Weekley's efforts on the tax issue did not benefit the estate and that they were for her own financial gain.

[¶19.]    Although there are some cases supporting Weekley's legal theory regarding the correct interpretation of testamentary intent,[4] we see no abuse of

---

4.    *See, e.g.*, *In re* Estate of Lewis, 442 So2d 290, 292 (FlaDistCtApp 1983) (explaining that the Florida statute that allows attorney's fees for services that benefit the estate "is not restricted to services that bring about an enhancement in value or an increase in the assets of the estate, but also includes services that are successful in simply effectuating the testamentary

(continued . . .)

discretion in this case.  First, we note that Weekley did not prevail in the prior litigation on her theory that the testator intended the trust to be responsible for all of the estate and inheritance taxes.  But, even if Weekley had prevailed, those efforts would have primarily benefited Weekley.  Had Weekley been successful on her theory, the estate and inheritance taxes would have been paid by the trust rather than the probate estate.  Thus, the beneficiaries under Brownlee's will (Weekley and the children) would not have paid the taxes.  Rather, the beneficiaries of the trust (the children and grandchildren) would have paid the taxes.  Because Weekley was the only beneficiary that would have avoided any tax liability under her theory, it was not an abuse of discretion for the circuit court to conclude that her efforts were primarily for her own financial gain rather than for the benefit of the estate, notwithstanding any alleged effort to effectuate the testator's intent.

[¶20.]        With respect to the prior appellate fees, we note that Weekley failed to request those fees from this Court when the matter was before us.  SDCL 15-26A-87.3 sets forth the substantive and procedural requirements for an award of appellate attorney's fees.  One requirement is that "[t]he motion must be served and filed prior to submission of the action on its merits."  SDCL 15-26A-87.3(2).  Because Weekley did not file a motion for appellate attorney's fees with this Court prior to submission of the matter on the merits, she failed to satisfy the statutory

---

(. . . continued)
        intention set forth in the will") (quoting Samuels v. Estate of Lucia S. Ahern, 436 So2d 1096 (FlaDistCtApp 1983)).

requirements. Thus, the circuit court did not abuse its discretion in denying those fees.

[¶21.] Weekley finally seeks $9,778.50 in appellate attorney's fees for this appeal.[5] As discussed in the following issue, Weekley ultimately prevails only on her claim for interest. Considering the nature and complexity of that issue, we award one-half of her request.

*3) Weekley's entitlement to interest on her devise?*

[¶22.] Weekley contends that the circuit court erred by not awarding interest on her devise of the certificates of deposit and on her advancement to help administer the estate. Weekley relies on two statutory theories: SDCL 21-1-13.1,[6]

---

5. Unlike Weekley's request for the prior appellate fees, her request for attorney's fees relating to this appeal complies with SDCL 15-26A-87.3(2) because her motion was filed prior to the submission of the matter on its merits.

6. SDCL 21-1-13.1 provides:
    Any person who is entitled to recover damages, whether in the principal action or by counterclaim, cross claim, or third-party claim, is entitled to recover interest thereon from the day that the loss or damage occurred, except during such time as the debtor is prevented by law, or by act of the creditor, from paying the debt. Prejudgment interest is not recoverable on future damages, punitive damages, or intangible damages such as pain and suffering, emotional distress, loss of consortium, injury to credit, reputation or financial standing, loss of enjoyment of life, or loss of society and companionship. If there is a question of fact as to when the loss or damage occurred, prejudgment interest shall commence on the date specified in the verdict or decision and shall run to, and include, the date of the verdict or, if there is no verdict, the date the judgment is entered. If necessary, special interrogatories shall be submitted to the jury. Prejudgment interest on damages arising from a contract shall be at the contract rate, if so provided in the contract; otherwise, if prejudgment interest is awarded, it shall be at the Category B rate of interest specified in § 54-3-16.

(continued . . .)

which provides for interest on "damages," and SDCL 29A-3-904,[7] which mandates interest on "general pecuniary devises." The circuit court denied Weekley's claim for interest under SDCL 21-1-13.1, reasoning that the personal representative had discretion in distributing the estate's assets and that there were insufficient funds to pay Weekley's devise plus interest and attorney's fees. The court essentially concluded that because the personal representative was not obligated to make the distribution at that time, there was no "damage" within the meaning of SDCL 21-1-13.1. With respect to Weekley's claim for interest under SDCL 29A-3-904, the circuit court denied Weekley's request based on the doctrine of the law of the case. The court noted that, in the early stages of this dispute, Weekley argued that the bequest was a "specific" devise in order to obtain preferential treatment during the impending abatement, that Weekley's position was adopted, and that the decision was not reversed on appeal. The circuit court concluded that Weekley should not be allowed to now assert the contrary position that the certificates of deposit were a "general" devise so she could obtain interest under SDCL 29A-3-904.

_____

(. . . continued)

> Prejudgment interest on damages arising from inverse condemnation actions shall be at the Category A rate of interest as specified by § 54-3-16 on the day judgment is entered. This section shall apply retroactively to the day the loss or damage occurred in any pending action for inverse condemnation. The court shall compute and award the interest provided in this section and shall include such interest in the judgment in the same manner as it taxes costs.

7.      SDCL 29A-3-904 provides:

> General pecuniary devises bear interest at the category B rate of interest specified in § 54-3-16 beginning one year after the first appointment of a personal representative until payment, unless a

(continued . . .)

[¶23.]     Because Weekley seeks interest under either statute, we need only address her entitlement to recover under SDCL 21-1-13.1.  In seeking interest under that statute, Weekley argues that she incurred "damages" due to the personal representative's unreasonable delay in distributing her devise.  Weekley points out that over three years have expired since our determination that the construction equipment was to be returned to the estate, yet some of her devise and the $25,000 she provided to help administer the estate remain unpaid.

[¶24.]     Whether Weekley was entitled to interest under SDCL 21-1-13.1 is a question of law.  We review questions of law de novo with no discretion given to the circuit court.  Blenner v. City of Rapid City, 2003 SD 121, ¶41, 670 NW2d 508, 514.

[¶25.]     SDCL 21-1-13.1 provides, in relevant part: "Any person who is entitled to recover damages . . . is entitled to recover interest thereon from the day that the *loss or damage occurred* . . . ." (emphasis added).  We recently recognized the right to recover interest on such claims in another case involving an alleged delay in the distribution of an estate.  We noted that "[i]n determining whether any loss or damage occurred, . . . SDCL 29A-3-703(a) provides: 'A personal representative is under a duty to settle and distribute the estate . . . as *expeditiously and efficiently* as is consistent with the *best interests* of the estate.'"  *Siebrasse III*, 2004 SD 46, ¶32, 678 NW2d at 830.  We then concluded that although the personal representative is entitled to "considerable discretion in such matters," a potential claim for interest

_____

(. . . continued)
         contrary intent is indicated by the will.

under SDCL 21-1-13.1 is possible if the personal representative does not distribute the funds "expeditiously and efficiently." *Id.* ¶¶32-33.

[¶26.]	In this case, the decedent died on August 17, 1997, and on November 20, 2002, this Court determined that the inter vivos transfer of the construction equipment was an ineffective gift. Thus, it has been eight and one-half years since decedent's death and over three years since our decision requiring that the construction equipment be returned to the residuary estate. It also appears that the recovery of the construction equipment would have provided the estate with sufficient assets to pay the expenses and distribute the assets according to Brownlee's will. However, the estate has been unable to articulate any legitimate reason for the three year delay, including any reason why there has been no repossession, sale, or collection of rent for use of the equipment. Because no justification has been presented for the estate's failure to recover the equipment and pay Weekley's claims as expeditiously and efficiently as is consistent with the best interests of the estate, we believe that Weekley has incurred a loss and has been damaged. Accordingly, Weekley is entitled to interest on the amount of her unpaid devise and on the $25,000 she provided for the administration of the estate.[8]

[¶27.]	Affirmed in part, reversed in part, and remanded.

[¶28.]	GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.

---

8.	Because we have concluded that Weekley is entitled to interest under SDCL 21-1-13.1, we do not reach Weekley's contention that the circuit court erred in denying her interest under SDCL 29A-3-904.