#24970-aff in pt, rev in pt & rem-JKK

**2010 SD 13**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

JEANIE WEEKLEY,                                   Plaintiff and Appellant,

v.

JERRY PROSTROLLO and
ROBERT J. WAGNER,                          Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF

THE THIRD JUDICIAL CIRCUIT

CODINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JON R. ERICKSON
Judge

* * * *

GREGORY J. STOLTENBURG
TODD D. BOYD of
Gunderson, Evenson, Boyd
 Knight & Stoltenburg, LLP
Clear Lake, South Dakota                    Attorneys for plaintiff
                                             and appellant.

* * * *

ARGUED FEBRUARY 18, 2009
REASSIGNED AUGUST 4, 2009

OPINION FILED **02/10/10**

JAMES C. ROBY
GEORGE J. HAWKINS of
Green, Roby, Oviatt,
  Cummings & Linngren, LLP
Watertown, South Dakota

Attorneys for defendant
and appellee, Prostrollo.


JAMES A. POWER
RICHARD O. GREGERSON of
Woods, Fuller, Shultz
  and Smith, PC
Sioux Falls, South Dakota

Attorneys for defendant
and appellee, Wagner.

KONENKAMP, Justice (on reassignment).

[¶1.]     A beneficiary brought suit against an estate's personal representatives. She alleged breach of fiduciary duty and negligence. After a bench trial, the circuit court ruled in favor of the personal representatives. On appeal, we affirm in part, reverse in part, and remand.

## Background

[¶2.]     Walter Brownlee, Sr. died testate on August 17, 1997. His will devised all his Certificates of Deposit, his residence, and most of his personal property to his long-time companion, Jeanie Weekley. The bulk of Brownlee's estate, however, passed into a trust for the benefit of his children and grandchildren. Since Brownlee's death, his estate has been the subject of two decisions by this Court. *In re* Estate of Brownlee (*Brownlee I*), 2002 SD 142, 654 NW2d 206; Wagner v. Brownlee (*Brownlee II*), 2006 SD 38, 713 NW2d 592.

[¶3.]     In *Brownlee I*, we examined, among other things, whether the terms of Brownlee's will and trust prescribed that federal and state taxes would be paid by the principal of the trust. Based on the language of the trust and will, we concluded that the beneficiaries were responsible for the state inheritance taxes attributable to the property they received. The federal taxes, however, were to be equitably apportioned among the beneficiaries under SDCL 29A-3-916. *Brownlee I*, also considered whether Brownlee's pre-death execution of a Bill of Sale to his son, Randy Brownlee, for certain construction equipment was a gift. Because Randy failed to establish all the elements of a gift, we affirmed the circuit court's

conclusion that the Bill of Sale was an ineffective gift of the construction equipment. At the time of Brownlee's death, therefore, the equipment became part of the estate.

[¶4.]     After *Brownlee I*, the estate initiated an action to recover the equipment and to apportion the inheritance taxes.[1] Weekley counterclaimed for interest on her unpaid devise of the certificates of deposit, as well as interest on $25,000 of personal funds that she provided to help administer the estate. She also sought an award of more than $76,000 in attorney's fees that she incurred in the estate litigation, including the prior appeal. *See Brownlee II*, 2006 SD 38, ¶7, 713 NW2d at 595. The circuit court granted Weekley's fees related to her efforts in setting aside the transfer of the construction equipment and denied her request for interest on her unpaid devise and the $25,000 she provided to help administer the estate.

[¶5.]     Weekley appealed to this Court. She challenged the court's denial of her attorney's fees request for her efforts regarding the inheritance tax apportionment. In *Brownlee II*, we affirmed the court's denial of fees, concluding that "[b]ecause Weekley was the only beneficiary that would have avoided any tax liability under her theory, it was not an abuse of discretion for the circuit court to conclude that her efforts were primarily for her own financial gain rather than for the benefit of the estate, notwithstanding any alleged effort to effectuate the

---

1.     At the time of this appeal, the issue of apportionment of taxes was still pending before the circuit court. In 2007, approximately five years after *Brownlee I*, the equipment was sold at auction.

testator's intent." *Id.* ¶19. We also denied her request for appellate attorney's fees incurred in *Brownlee I*, as she failed to request those fees in that appeal.

[¶6.] As for Weekley's claim that the court erred when it denied her interest on her unpaid devise and the $25,000 contribution to the estate, we held that she indeed incurred damages by the estate's inexplicable non-action. "[N]o justification has been presented for the estate's failure to recover the equipment and pay Weekley's claims as expeditiously and efficiently as is consistent with the best interests of the estate[.]" *Id.* ¶26. Therefore, she was entitled to "interest on the amount of her unpaid devise and on the $25,000 she provided for the administration of the estate." *Id.* We also awarded Weekley one-half her request for appellate attorney's fees for *Brownlee II*.

[¶7.] Following *Brownlee II*, a judgment was entered against the estate in favor of Weekley awarding her $168,223.74, plus post-judgment interest, representing the amount she was owed for her devise, attorney's fees, appellate attorney's fees, and interest due to the delay in receiving her devise. Weekley then brought suit against Jerry Prostrollo and Robert Wagner, the past and current personal representatives, for breach of their fiduciary duties in the administration of the estate.[2] According to Weekley, Prostrollo and Wagner negligently handled the estate's affairs, causing her to suffer loss to her devise. *See* SDCL 29A-3-808(b).

---

2. While *Brownlee I* was being considered by this Court, Prostrollo filed a formal resignation as personal representative for health reasons. The resignation was accepted on November 12, 2002, and Wagner was appointed as personal representative. *Brownlee I* was decided on November 20, 2002.

[¶8.]     Following a trial, the circuit court issued a memorandum opinion, and later, findings of fact and conclusions of law.  The parties did not dispute that the *estate* owed Weekley $168,223.74 in interest, her unpaid devise, and attorney's fees.  Nonetheless, the estate did not have sufficient money or assets to pay its obligations to Weekley.  She argued that because Prostrollo and Wagner negligently handled certain affairs of the estate, breaching their fiduciary duties, they should be jointly and severally liable for the loss she suffered.

[¶9.]     While the circuit court acknowledged that Prostrollo and Wagner owed a fiduciary duty to Weekley, it also considered the fact that in the ten years since Brownlee's passing much of the delay in the administration of the estate was caused by the hostile relationship between Randy and Weekley.  As to the federal estate taxes, the court concluded that Prostrollo did not breach his fiduciary duty to Weekley:  Prostrollo was justified in relying on advice of counsel.  Similarly, the court held that Wagner did not breach his duty to collect Randy's portion of the federal estate tax obligation after *Brownlee I*.  At the time of the court's decision, a suit by Wagner, against Randy, was pending, and Wagner's strategy of attempting to negotiate with Randy was deemed legitimate.

[¶10.]     The circuit court separately considered whether Prostrollo and Wagner were negligent when they failed to take possession or preserve the construction equipment after the circuit court judicially determined the equipment to be part of the estate.  Acknowledging that during Prostrollo's tenure as personal representative, he did not attempt to take possession of the equipment and failed to inventory or independently appraise the equipment, the court held that Prostrollo

nonetheless did not breach his fiduciary duty to Weekley. The equipment was appraised shortly after Brownlee's death at $171,000, but the issue of ownership of the equipment was not raised until almost three years afterwards, which resulted in litigation and an appeal to this Court. Because *Brownlee I* was not decided until after Prostrollo's tenure, the court found no negligence.

[¶11.] As for the case against Wagner, the court found that his failure to inspect, inventory, collect, and manage the equipment after this Court's November 2002 *Brownlee I* decision constituted a breach of his fiduciary duty. But the court held that it could not reasonably calculate Weekley's damages and thus awarded her nothing. Weekley appeals asserting that the court erred when it concluded that Prostrollo did not breach his fiduciary duty and that both Prostrollo and Wagner were not responsible for her damages.[3]

## Analysis and Decision

[¶12.] Under SDCL 29A-3-808(b), a personal representative may be held liable for negligent administration of an estate. Personal representatives act in a fiduciary capacity on behalf of those having an interest in the estate. Ward v. Lange, 1996 SD 113, ¶15, 553 NW2d 246, 251 (quoting Christie v. Dold, 524 NW2d 866, 871 (SD 1994)). Therefore, "[i]f the exercise of power concerning the estate is

---

3.  Whether one breaches a fiduciary duty is a question of fact. Ward v. Lange, 1996 SD 113, ¶12, 553 NW2d 246, 250 (citing American State Bank v. Adkins, 458 NW2d 807, 811 (SD 1990)). We review questions of fact under the clearly erroneous standard of review. *In re* Regennitter, 1999 SD 26, ¶11, 589 NW2d 920, 923 (citations omitted). Questions of law, however, are reviewed de novo. *Id.*

improper, the personal representative is liable to interested persons for damage or loss resulting from the breach of fiduciary duty." SDCL 29A-3-712.

[¶13.]     Weekley claims negligence in: (1) Prostrollo's duty to collect federal estate taxes, (2) Wagner's duty to collect federal estate taxes, (2) Prostrollo's duty with regard to the construction equipment, and (4) Wagner's duty with regard to the construction equipment. Weekley also asserts that the circuit court erred when it held that it could not calculate her damages to a reasonable certainty.

### 1. Federal Estate Taxes - Prostrollo

[¶14.]      Weekley argues that Prostrollo breached his fiduciary duty when he failed to collect the federal estate taxes Randy owed. Prostrollo responds that he could not have determined what estate taxes Randy owed until after this Court's ruling in *Brownlee I*, a decision rendered after his tenure as personal representative. He further contends that he relied on advice of counsel regarding the estate tax issue. The circuit court reviewed the evidence and found that "there was a legal question involving how the federal estate tax should be apportioned between the heirs." From our review of the record, the court's finding was not clearly erroneous. The amount of federal estate taxes owed by Randy was in dispute and not resolved by the end of Prostrollo's tenure. Further, Prostrollo's reliance on advice of counsel was justified.

### 2. Federal Estate Taxes – Wagner

[¶15.]     Wagner succeeded Prostrollo as personal representative in November 2002, shortly after this Court's decision in *Brownlee I*. There, we held that Randy was responsible for a portion of the federal estate taxes. The amount of his

obligation, however, is still in dispute and a lawsuit, brought by Wagner, is pending. Nonetheless, Weekley claims that Wagner acted negligently by waiting five years to attempt to collect the federal estate taxes from Randy.

[¶16.] After *Brownlee I*, Wagner sought legal advice on, among other things, Randy's federal estate tax obligation. Counsel and Wagner concluded that settlement negotiations with Randy would be in the best interest of the estate. The circuit court agreed, finding that the decision to negotiate was a legitimate strategy. Moreover, the court found that the delay in and of itself was insufficient for Weekley to establish negligence.

[¶17.] The court's findings and conclusions are supported by the record. Weekley does not claim that Wagner has been negligent in his handling of the lawsuit against Randy to determine the amount of taxes owed. She merely claims that the lapse from *Brownlee I* to Wagner's decision to bring suit against Randy constitutes negligence. She cites no authority to support that a delay alone constitutes negligence. Moreover, to what extent Randy is obligated to pay federal estate taxes remains unresolved.

### 3. Construction Equipment – Prostrollo

[¶18.] Weekley contends that after she filed a petition in 2000 challenging the ownership of the construction equipment, Prostrollo had a duty to collect and preserve the equipment as a potential asset of the estate. She maintains that Prostrollo's failure to inspect, appraise, or take possession of the equipment constituted negligence, resulting in loss to her as a beneficiary. She also argues that at the very least, after the circuit court's 2001 decision declaring the equipment

to be part of the residual estate, Prostrollo had a duty to appraise, collect, and preserve the assets, which he failed to do.

[¶19.] The circuit court recognized that Prostrollo failed to take possession of, appraise, or inventory the construction equipment during his tenure as personal representative. However, because it was appraised shortly after Brownlee's death and Weekley did not take issue with that appraisal, the court found no negligence. Moreover, the issue of the ownership of the equipment was not raised until almost three years after Brownlee's death and was litigated beyond Prostrollo's tenure. Thus, the court found that Prostrollo's actions did not constitute a breach of his fiduciary duty. Our review of the evidence leads us to conclude that the circuit court was correct. The equipment was appraised shortly after Brownlee's death and the issue of ownership was not resolved until after Prostrollo's tenure.

### 4. Construction Equipment – Wagner

[¶20.] Four years after the decision in *Brownlee I*, declaring the equipment to be part of the residual estate, the equipment was sold at a public auction, netting the estate $26,739.19. Shortly after Brownlee's death the equipment had been appraised at $171,000. According to Weekley, Wagner breached his fiduciary duty by failing to take possession of or preserve the construction equipment after *Brownlee I*, which failure caused the equipment to substantially decrease in value and a loss to Weekley. Wagner, on the other hand, claims that after *Brownlee I*, he and counsel for the estate attempted to negotiate with Randy for the sale of the equipment to him. After negotiations failed, Wagner brought suit against Randy for either the appraised value of the equipment or rent for his use. A jury found in

favor of Randy on March 30, 2007, and the estate took nothing. Based on his actions in negotiating with Randy and bringing suit, Wagner alleges that no breach occurred.

[¶21.] As the circuit court noted, Wagner conceded that he did not "inspect, collect, possess, insure, or photograph the equipment after legal possession belonged to the Estate." In November 2002, this Court unequivocally declared that the equipment was part of the residual estate, but Wagner allowed the equipment to remain in Randy's control. Wagner did not inspect the equipment to determine its value to the estate. He gave no reason for his failure to inspect, inventory or manage the construction equipment. As we wrote in *Brownlee II*, "the estate has been unable to articulate any legitimate reason for the three year delay, including any reason why there has been no repossession, sale, or collection of rent for use of the equipment." *See* 2006 SD 38, ¶26, 713 NW2d at 600. Accordingly, we affirm the circuit court's ruling that Wagner breached his fiduciary duty with respect to the equipment.

### 5. Damages

[¶22.] After concluding that Wagner breached his fiduciary duty, the court held that Weekley failed to prove the amount of her damages with reasonable certainty. According to the court, Weekley was required to provide evidence of the value of the equipment at the time *Brownlee I* was decided to be compared to the value of the equipment at the time of the 2007 sale. The difference between the value post *Brownlee I* and the date of sale, the court held, would allow a reasonable calculation of damages.

[¶23.] Weekley asserts that the court erred as a matter of law in concluding that she presented insufficient evidence for the court to reasonably calculate her damages. She contends that she had no duty to appraise the equipment post *Brownlee I* — Wagner had that duty. Weekley insists that her damages can be reasonably calculated based on this Court's decision in *Brownlee II*. There, we held that the estate's failure to repossess, sell, or collect rent for Randy's use of the equipment caused Weekley to incur a loss and suffer damage. *See Brownlee II*, 2006 SD 38, ¶26, 713 NW2d at 600.

[¶24.] Once a plaintiff has established the *fact* she has been damaged, uncertainty over the *amount* of her damages is not fatal to recovery. *See* Schmidt v. Wildcat Cave, Inc., 261 NW2d 114, 118 (SD 1977); *see also* Bigelow v. RKO Radio Pictures, 327 US 251, 265-66, 66 SCt 574, 580, 90 LEd 652 (1946); Nat'l Labor Relations Bd. v. Kartarik, Inc., 227 F2d 190, 192-93 (8thCir 1955). "The rule which precludes recovery of uncertain and speculative damages applies only where the fact of damages is uncertain, not where the amount is uncertain." Cope v. Vermeer Sales and Service of Colorado, Inc., 650 P2d 1307, 1309 (ColoCtApp 1982); *see also* Parker Tractor & Implement Co. v. Johnson, 819 So2d 1234, 1239 (Miss 2002); Tessmar v. Grosner, 128 A2d 467, 472 (NJ 1957). In fact, courts have some leeway in calculating damages and a lesser degree of certainty is required to prove tort damages as compared to contract damages. McKie v. Huntley, 2000 SD 160, ¶20, 620 NW2d 599, 604 (citation omitted); *see also* Delgado v. Mitchell, 55 SW3d 508, 512 n4 (MoCtApp 2001); Rhodes v. Rhodes Indust., Inc., 595 NE2d 441, 448

(OhioCtApp 1991); Jameson v. Barber, 14 NW 859, 865 (Wis 1883) (Cassoday, J., dissenting); *see* also Restatement (Second) Contracts § 352 (updated 2009).

[¶25.]     Here, the court mistakenly concluded as a matter of law that Weekley failed to prove damages with reasonable certainty because she presented no evidence of the equipment's value at the time of Wagner's breach, after *Brownlee I*. The difference in the appraised value of the equipment at the time of Wagner's breach and the 2007 sale is not the measure of Weekley's damage. That difference in value would provide the court with evidence of what the estate would have realized had Wagner timely recovered the equipment. Knowing what the estate would have realized in increased value absent Wagner's breach, however, cannot necessarily establish what Weekley would have received as a beneficiary.

[¶26.]     The court also construed too narrowly the rule of law that one claiming to have been damaged must prove the amount of damage with reasonable certainty. While the statement of the rule is correct, Weekley has conclusively established the *fact* she has been damaged. Therefore, the uncertainty as to the *amount* does not destroy her right to recover. Rather, "[f]acts must exist and be shown by the evidence which afford a basis for measuring the loss of the plaintiff with reasonable certainty." Drier v. Perfection, Inc.*,* 259 NW2d 496, 506 (SD 1977) (quoting Kressly v. Theberge, 79 SD 386, 112 NW2d 232 (1961); Peter Kiewit Sons' Co. v. Summit Const. Co., 422 F2d 242, 261 (8thCir 1969)). Concededly, the facts of this case do not permit estimating damages with absolute certainty. That, however, does not bar Weekley from recovery, and the court erred as a matter of law in concluding

that it did.[4] This is especially true considering that Wagner's conduct, his breach, is the reason Weekley's damages cannot be calculated with specificity.

[¶27.]        That sufficient evidence has been presented for the court to determine the extent of Weekley's damages is supported by this Court's decision in *Brownlee II*, where we found that Weekley was damaged as a result of the estate's actions in failing to timely recover the construction equipment. 2006 SD 38, ¶26, 713 NW2d at 600 ("no justification has been presented for the estate's failure to recover the equipment and pay Weekley's claims as expeditiously and efficiently as is consistent with the best interests of the estate"). Based on that damage, the Court awarded Weekley interest on her unpaid devise and $25,000 contribution under SDCL 21-1-13.1. SDCL 21-1-13.1 permits an award of interest in such cases, but only when a person is "entitled to recover damages[.]" Following *Brownlee II,* the circuit court here found that Wagner breached his fiduciary duty to Weekley for his failure to recover or preserve the equipment. Obviously, Wagner's actions, which damaged Weekley, are the same actions by the estate that caused her damage in *Brownlee II* — the failure to recover the construction equipment.

[¶28.]        It is reasonable for the finder of fact to consider that because Weekley was entitled to recover interest under SDCL 21-1-13.1 for being damaged by the

---

4.    Contrary to the dissent's assertion, we are not declaring the circuit court's findings of fact clearly erroneous. Rather, the court erred as a matter of law when it held that Weekley failed to prove damages with reasonable certainty because she failed to present evidence of the value of the equipment at the time of the breach. Indeed, Weekley presented no evidence of the value of the equipment at the time of the breach. However, the *legal* conclusion that Weekley is barred from recovery is in error.

estate's failure to recover the construction equipment, Wagner's inaction damaged Weekley to the extent of her unpaid devise and interest thereon. If some doubt persists on the certainty of damages, it is to be resolved against the breaching party: breaching parties cannot complain when the task of computing damages is made more difficult by their own acts. *McKie*, 2000 SD 160, ¶20, 620 NW2d at 604 (quoting AFSCME v. Sioux Falls School District, 2000 SD 20, ¶14, 605 NW2d 811, 815 (citations omitted)). "A wrongdoer cannot complain if his or her conduct 'creates a situation in which the court must estimate rather than compute [damages].'" Electronic Funds Solutions v. Murphy, 36 CalRptr3d 663, 677 (CalCtApp 2005) (quoting Sanchez-Corea v. Bank of America, 701 P2d 826 (Cal 1985)).

[¶29.]     Considering that Weekley established that she was legally damaged, under the facts of this case, doubt in calculating damages should be weighed against Wagner, because Wagner, as the breaching party, cannot complain when his actions in failing to recover the equipment made the calculation of damages more difficult. It is not too speculative to conclude that Wagner should be responsible to Weekley to the extent his inactions caused her to lose her unpaid devise with interest. Wagner is not liable for the entirety of Weekley's lost devise and interest, but only the portion attributable to his inactions. Accordingly, the matter is remanded for the circuit court to determine with reasonable certainty Weekley's damages consistent with this opinion.

### 6. Appellate Attorney's Fees

[¶30.]     Weekley moved this Court for appellate attorney's fees. She cites no authority for fees on a claim of negligence and breach of fiduciary duty by a personal representative. Thus, the issue is waived.

[¶31.]     Affirmed in part, reversed in part, and remanded.

[¶32.]     MEIERHENRY, Justice, and SABERS, Retired Justice, concur.

[¶33.]     GILBERTSON, Chief Justice, and JENSEN, Circuit Court Judge, concur in part and dissent in part.

[¶34.]     JENSEN, Circuit Court Judge, sitting for ZINTER, Justice, disqualified.


JENSEN, Circuit Judge (concurring in part and dissenting in part).

[¶35.]     I dissent on the issue of damages in part 5 of the opinion. The trial court properly found that Weekley failed to prove up the amount of her damage.

[¶36.]     The trial court denied Weekley's damage claim against Wagner finding that the amount of damage could not be calculated with reasonable certainty.[5] This was a factual determination for the trial court. Lord v. Hy-Vee Food Stores, 2006

---

5.     The trial specifically found:

> Weekley provided no other evidence other than the calculations based on the 1998 valuation and the subsequent net sale price [in 2006]. She does not take into consideration the diminishing value from 1997 through 2002. . . . Therefore, this [C]ourt has nothing upon which it can reasonably calculate damages. Thus, the Court finds that Weekley has failed to prove the amount of damages with reasonable certainty.

SD 70, ¶ 31, 720 NW2d 443, 454; Roth v. Farner-Bocken Co., 2003 SD 80, ¶ 26, 667 NW2d 651, 662. The trial court's resolution of these facts must be reviewed under the clearly erroneous standard of review. Osman v. Karlen and Assocs., 2008 SD 16, ¶ 15, 746 NW2d 437, 442-43 (quoting Fin-Ag, Inc. v. Feldman Bros., 2007 SD 105, ¶ 19, 740 NW2d 857, 862-63).

[¶37.] A unanimous Court in *Osman* recently expounded on the limitations of the clearly erroneous standard of review:

> In applying the clearly erroneous standard, *our function is not to decide factual issues de novo. The question is not whether this Court would have made the same findings that the trial court did, but whether on the entire evidence we are left with a definite and firm conviction that a mistake has been committed. This Court is not free to disturb the lower court's findings unless it is satisfied that they are contrary to a clear preponderance of the evidence.* Doubts about whether the evidence supports the court's findings of fact are to be resolved in favor of the successful party's "version of the evidence and of all inferences fairly deducible therefrom which are favorable to the court's action."

*Id.* (emphasis added).

[¶38.] The Court's words in *Osman* leave little wonder why the majority relegates the standard of review to a footnote early in the opinion. The majority fails to resolve doubt in favor of Wagner, and instead substitutes its judgment for the judgment of the trial court.

[¶39.] The majority opinion is interspersed with phrases such as "sufficient evidence has been presented for the court to determine the extent of Weekley's damages . . ."; "[i]t is reasonable for the finder of fact to consider . . ."; and "doubt in calculating damages should be weighed against Wagner . . .". These phrases suggest the majority has stepped into the shoes of the fact finder to reconsider anew

the question of damages. Not only does the opinion fail to identify any "evidence" that the trial court ignored, the majority fails to articulate how the trial court could reasonably calculate damages *causally* related to the breach.[6]

[¶40.]     South Dakota law is clear. In a tort action, the plaintiff has the burden to prove damage causally related to the breach and the *amount* of damage to a reasonable degree of certainty. *See Lord*, 2006 SD 70, ¶ 31, 720 NW2d at 454; Wang v. Bekken, 310 NW2d 166, 167 (SD 1981); Schmidt v. Wildcat Cave, Inc., 261 NW2d 114 (SD 1977). "The reasonable certainty standard requires there to be proof of a rational basis for measuring loss, without allowing a [fact finder] to speculate." *Lord,* 2006 SD 70, ¶ 31, 720 NW2d at 454 (citing McKie v. Huntley*,* 2000 SD 160, ¶ 18, 620 NW2d 599, 603 (quoting Kressly v. Theberge, 79 SD 386, 112 NW2d 232, 233 (1961))).

[¶41.]     The trial court found that Wagner breached his fiduciary duty to Weekley by failing to timely inventory, collect and sell the construction equipment for the estate after ownership of the equipment was resolved in 2002 by *In re Estate of Brownlee*, 2002 SD 142, 654 NW2d 206 (*Brownlee I*). The majority affirms this

---

6.     The majority opinion ignores required causation for damages by suggesting that the trial court on remand could hold Wagner responsible for the entirety of Weekley's devise, regardless of whether Wagner's breach caused such loss. The majority states, "[k]nowing what the estate would have realized in increased value absent Wagner's breach, however, cannot necessarily establish what Weekley would have received as a beneficiary." The majority further states, "[i]t is not too speculative to conclude that Wagner should be responsible to Weekley to the extent his inactions caused her to lose her unpaid devise with interest." Wagner's *inactions* for which liability has been found all arise from his handling the equipment. It would go against basic tort law concepts to hold him individually liable for the entire devise owed by the estate to Weekley.

finding. The types of damages expected to causally flow from this breach might include loss in value or depreciation of the equipment and/or lost income to the estate during the time Wagner failed to take possession of the equipment for the estate. The problem is that the record is devoid of evidence from which the trial court could reasonably calculate the amount of such loss, if any. Evidence was presented as to the net sale proceeds of the equipment in 2006. However, Weekley failed to submit any estimate of value, or testimony as to the amount the equipment would have been expected to sell for at, or near, the time of the breach in 2002. Weekley also failed to submit any evidence as to the reasonable rental value of the equipment from 2002 until 2006, or the rate at which the equipment was depreciating from 2002 to 2006.[7]

[¶42.] This is not a special or unusual case. It is a case where the plaintiff simply failed to present evidence for the fact finder to reasonably calculate damages. An equipment appraiser, an auctioneer, or some other person with specialized knowledge of the value of this equipment could have easily provided the necessary evidence in a few minutes of testimony. This should have been a small hurdle for Weekley in proving up her case.

---

7. Wagner filed a separate action on behalf of the estate against Randy Brownlee to recover the reasonable rental value of the construction equipment during the time that Brownlee had it in his possession. There is no assertion by Weekley that Wagner did not properly prosecute this lawsuit, yet it was rejected by a jury. Weekley certainly could have, but failed to present any evidence of lost rental income in this action due to Wagner's failure to timely repossess the equipment after *Brownlee I*.

[¶43.] When Weekley's lack of proof was raised at the conclusion of her case, she argued she did not need to prove the amount of her damages.[8] Even on appeal she does not attempt to show how the trial court's findings are clearly erroneous.

[¶44.] The majority appears to recognize Weekley's failure to prove damages with reasonable certainty, but excuses her failure by suggesting that such proof was not necessary in this case. The majority opinion states that once "a plaintiff has established the *fact* that she has been damaged, uncertainty over the *amount* of her damages is not fatal to recovery." I would submit that uncertainty over the amount of damage is "fatal" to recovery where the fact finder has made that finding, and the finding is supported by the evidence.

[¶45.] The majority's assertion also misinterprets prior South Dakota case law. One of the cases cited by the majority is *McKie,* 2000 SD 160, 620 NW2d 599. In *McKie* the Court stated, "[o]nce the existence of damage has been shown by a preponderance of the evidence, a claimant must produce *only the best evidence available* to allow a [fact finder] a reasonable basis for calculating the loss." *McKie,*

---

8. At the close of Weekley's case, Wagner's attorney made a motion to dismiss under SDCL 15-6-41(b), arguing that Weekley had failed to prove damages. In response, Weekley argued: "[W]e believe that it's not our client's duty to have to show what the value of that equipment was at the time that Mr. Wagner took over. That is not our client's responsibility." Weekley cited to SDCL 29A-3-708 and continues to argue this statute on appeal. Weekley misreads this statute. SDCL 29A-3-708 does not require the personal representative to appraise newly discovered property as of the time it is included in the estate. Rather, it requires a supplemental inventory and appraisal of the property as of the *date of death*. An inventory and *date of death* appraisal of the property by Wagner would not have assisted Weekley in her proof of damage.

2000 SD 160, ¶ 20, 620 NW2d at 604 (emphasis added). A basic estimate of value and calculation of losses caused by Wagner's breach was certainly *available* to Weekley. There is no reason Weekley could not have done what the law requires every plaintiff to do to prove her damages, present some reasonable basis to allow the trial court to calculate her damages. The trial court was not clearly erroneous in finding that Weekley's failure to present such basic proof left the calculation of damages to speculation.

[¶46.]    The majority also cites language from *McKie* and *AFSCME-Local 1025 v. Sioux Falls School District*, 2000 SD 20, ¶ 14, 605 NW2d 811, 815, stating that doubts in calculating damages should be resolved against the wrongdoer where his actions have made the calculation of damages more difficult. Although there is no showing that the trial court failed to resolve doubt against Wagner, the rule is inapplicable in any event. The majority faults Wagner for Weekley's lack of proof, but fails to state how Wagner's breach made it more difficult for Weekley to present a relevant estimated value of the equipment. Wagner did not have a fiduciary obligation to appraise the equipment as of the *time of his breach* to prove Weekley's case for her. Moreover, Weekley makes no claim that she was prevented from or unable to obtain a relevant estimate of the equipment's value because of Wagner's breach. The uncertainty in calculating the amount of Weekley's damages was due to Weekley's own failure to present readily available evidence of damages.

[¶47.]    The majority suggests that the Court's decision in *Wagner v. Brownlee*, 2006 SD 38, 713 NW2d 592 (*Brownlee II*) may also excuse Weekley's obligation to prove up the amount of her damage against Wagner. In B*rownlee II* the Court

determined that prejudgment interest should be assessed on the devise owed to Weekley by the estate because of the unexplained delay in selling the equipment. However, *Brownlee II* only involved the question of the estate's obligations to Weekley. The questions of Wagner's breach of fiduciary duty and damages proximately caused by the breach were never presented or addressed in *Brownlee II*. The notion that *Brownlee II* somehow relieved Weekley of her responsibility to offer basic proof of damages against Wagner is flawed.

[¶48.]     Finally, affirmance of the trial court is dictated by *Schmidt v. Forell,* 306 NW2d 876 (SD 1981). In *Schmidt*, following a bench trial, the trial court found the defendant was liable in an automobile accident and awarded certain past damages to the plaintiff, but rejected damages to the plaintiff for loss of future earning capacity finding that "'[a]lthough there was evidence relating to loss of earning capacity, the proof was insufficient to establish those damages with reasonable certainty.'" *Id.* at 877. On appeal, the *Schmidt* Court affirmed under the clearly erroneous standard of review. Although there was evidence in the record that the plaintiff had sustained damages for future loss of earning capacity, the *Schmidt* Court properly recognized that the determination of the amount of those damages, if any, was a question for the finder of fact, not this Court.

[¶49.]     The majority remands this case for the trial court to determine damages with a record that will require the trial court to speculate in order to calculate damages proximately caused by the breach. Ironically, the majority directs the trial court on remand to "determine with *reasonable certainty* Weekley's

damages consistent with this opinion." (Emphasis added). The trial court's task on remand is not enviable as "reasonable certainty" is not found in this record.

[¶50.] GILBERTSON, Chief Justice, joins this concurrence in part and dissent in part.